IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMRA HUSKIC** | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 25-2343 |
| | : | |
| **AD EXPRESS TRUCKING LLC** | : | |

**McHUGH, J.**                                                                                                                              **July 14, 2025**

**MEMORANDUM**

This is a wrongful death case in which the defendant trucking company – a Pennsylvania business – accomplished a "snap" removal before it was served with the complaint. It was able to do so because the literal terms of the removal statute permit it, however anomalous the result. *See* 28 U.S.C. § 1441(b)(2). Plaintiff then withdrew her action, refiled it in state court, and immediately effectuated service. She was able to do so because the literal terms of Federal Rule of Civil Procedure 41(a)(1)(A)(i) provide such an option. Defendant has now removed this second action, ignoring the statutory bar to it doing so, and in a filing suffused with moral outrage contends that equity should allow such removal because of Plaintiff's "gamesmanship."

The irony in Defendant's position is striking, in that the maneuvering on both sides of the case is identical. Defense counsel saw strategic advantage in a federal venue and invoked the language of a statute to accomplish that result. Plaintiff's counsel saw strategic advantage in a state court venue and invoked the language of a rule to accomplish that result. There is no legitimate basis on which to deem the former proper and the latter blameworthy, and certainly nothing improper in a lawyer's efforts to employ the law to their clients' maximal advantage. Like Captain Renault at *Rick's Cafe* in Casablanca, Defendant professes to be shocked that there is gambling in the casino, but only because its own bet was unsuccessful.

As a forum party properly served, Defendant was prohibited from removing this case, with the result that Plaintiff's motion to remand will be granted.

I. **Procedural Background**

On April 22, 2025, Plaintiff Samra Huskic (a citizen of New York) filed a wrongful death action against Defendant AD Express Trucking (a citizen of Pennsylvania) in the Philadelphia County Court of Common Pleas ("*Huskic I*"). ECF 1-5. The following day, Defendant removed the case prior to being served. ECF 7-4. On April 24, Plaintiff voluntarily dismissed the suit pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). ECF 7-3. On April 25, Plaintiff refiled her complaint in the Court of Common Pleas ("*Huskic II*") – and effectuated service an hour after filing. ECF 1-3. Defendant removed for a second time, and Plaintiff now moves to remand based on the forum defendant rule.

II. **Discussion**

A. **"Snap" removal as a means to circumvent the Forum Defendant Rule**

Removal of state court actions to federal court based on diversity of citizenship is governed by 28 U.S.C. § 1441(b). Under section 1441(b)(2) – the forum defendant rule – actions otherwise removable based on diversity jurisdiction may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought. The wording of the statute, making specific reference to a forum defendant who is joined and *served*, has given rise to a litigation tactic known as snap removal, whereby a case is removed immediately, before service is accomplished. The Third Circuit has concluded that the text of the statute allows for such removal, *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d

Cir. 2018), but describes the result as "peculiar" because it permits a defendant "to use pre-service machinations to remove a case that it otherwise could not." *Id*. at 153-54.[1]

Defendant does not dispute that the forum defendant rule would typically bar removal of the present action (*Huskic II*), as service was accomplished in accordance with Pennsylvania law two weeks before Defendant filed its notice of removal. Nonetheless, Defendant contends that Plaintiff should be estopped from invoking the rule in light of Plaintiff's counsel's "gamesmanship."

### B. Rule 41(a)(1)(A)(i)

Federal Rule of Civil Procedure 41(a)(1)(A)(i) authorizes a plaintiff to file "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a). The Third Circuit has explained the critical features of the Rule as follows:

> First, a filing under the Rule is a notice, not a motion. Its effect is automatic: the defendant does not file a response, and no order of the district court is needed to end the action. Second, the notice results in a dismissal without prejudice (unless it states otherwise), as long as the plaintiff has never dismissed an action based on or including the same claim in a prior case. Third, the defendant has only two options for cutting off the plaintiff's right to end the case by notice: serving on the plaintiff an answer or a motion for summary judgment.

*In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008). The Rule establishes a bright-line test: so long as a defendant has not filed an answer or a summary judgment

---

[1] Legal scholars have generally been critical of snap removal as fundamentally inconsistent with the conceptual basis for federal diversity jurisdiction. *See* Jeffrey W. Stempel, Thomas O. Main & David McClure, *Snap Removal: Concept; Cause; Cacophony; and Cure*, 72 Baylor L. Rev. 423, 440 (2020); Valerie M. Nannery, *Closing the Snap Removal Loophole*, 86 Cin. L. Rev. 541, 541-42 (2018); Arthur Hellman, Lonny Hoffman, Thomas D. Rowe, Jr., Joan Steinman & Georgene Vairo, *Neutralizing the Stratagem of "Snap Removal": A Proposed Amendment to the Judicial Code*, 9 Fed. Cts. L. Rev. 103, 103-4 (2016).

motion, "dismissal is automatic and immediate."[2] *Id.* Put simply, dismissal pursuant to Rule 41(a) "leaves the situation as if the action never had been filed." 9 Wright & Miller, *Federal Practice and Procedure* § 2367 (4th ed. 2025). Such dismissal is without prejudice and does not preclude a "plaintiff from returning later, to the same court, with the same underlying claim." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001); Fed. R. Civ. P. 41(a)(1)(B). Moreover, a plaintiff's right to dismissal by notice "extends as fully to cases removed from a state court as it does to those commenced in a federal court." Wright & Miller § 2363; *Grivas v. Parmelee Transp. Co.*, 207 F.2d 334, 337 (7th Cir. 1953).

As described by the Third Circuit, a plaintiff has an "unfettered" right to file a timely notice under the Rule. *In re Bath & Kitchen Fixtures*, 535 F.3d at 165; *accord Sargeant v. Hall*, 951 F.3d 1280, 1287 (11th Cir. 2020) (Rule 41(a)(1)(A)(i) is "intended to preserve the plaintiff's ability to control the lawsuit early in the litigation and permits voluntarily dismissing the federal action without a court order and refiling a new action in state court."). The fact that dismissal may be for the purpose of defeating diversity jurisdiction has no relevance. "Although forum shopping is not a trivial concern, Rule 41(a)(1) essentially permits forum shopping." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 293 (5th Cir. 2016); *see also Wilson v. City of San Jose*, 111 F.3d 688, 694 (9th Cir. 1997); 8 *Moore's Federal Practice* § 41.11 (3d ed. 2025); Wright & Miller § 2363.[3]

---

[2] By contrast, a plaintiff who seeks dismissal of an action after an answer or summary judgment motion has been served must obtain a court order pursuant to Rule 41(a)(2). *See Carroll v. E One Inc.*, 893 F.3d 139, 145-46 (3d Cir. 2018); Fed. R. Civ. P. 41(a)(2).

[3] "[R]emoval followed by dismissal frequently is employed when a plaintiff who is unwilling to prosecute the action in federal court wishes to dismiss to start a new action in state court and preclude removal by joining on[e] or more nondiverse parties, changing the amount sought, eliminating any federal claim, or otherwise." Wright & Miller § 2363.

The Fourth Circuit has held that Rule 41(a)(1) may even be invoked to avoid an adverse ruling on the merits of a case, because such dismissal is "a matter of unconditional right." *Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993).

This is consistent with what the Supreme Court stated almost a century ago in the context of fraudulent joinder, that "in a removal proceeding the motive of a plaintiff in joining defendants is immaterial." *Mecom v. Fitzsimmons Drilling Co.*, 284 U.S. 183, 189 (1931).

Where leave of court is required to dismiss under Rule 41(a)(2), courts have held that dismissal for purposes of remaining in state court is proper. *American Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1413 (10th Cir. 1991) (under Rule 41(a)(2), a district court has the discretion to "dismiss an action without prejudice even where the plaintiff's only motive is to recommence the action in state court"); *Sox v. Estes Express Lines*, 92 F.R.D. 71, 72 (D.S.C. 1981) (under Rule 41(a)(2), "[t]he mere fact that Plaintiff intends to renew this action in state court is not a sufficient reason to deny dismissal"); *O'Reilly v. R.W. Harmon & Sons, Inc.*, 124 F.R.D. 639, 639-40 (W.D. Mo. 1989) (plaintiffs may use Rule 41(a)(2) to defeat federal diversity jurisdiction by joining forum defendant in subsequent action); *see also Galva Union Elevator Co. v. Chicago & Nw. Transp. Co*., 498 F. Supp. 26, 27 (N.D. Iowa 1980) (same).

In *Aetna Inc. v. Gilead Sciences, Inc.*, a California district court considered the precise argument raised here: whether, as a matter of fairness, a plaintiff should be precluded from using Rule 41 to defeat federal diversity jurisdiction following snap removal. 599 F.Supp.3d 913 (N.D. Cal. 2022). The court held that the plain text of Rule 41 afforded the plaintiff an absolute right to voluntarily dismiss suit and subsequently "refil[e] the same exact case based on the same exact facts and assert[] the same exact claims." *Id.* at 918-19. A plaintiff's forum shopping motive, the court reasoned, "does not vitiate an otherwise proper dismissal" where a defendant has filed neither an answer nor a summary judgment motion. *Id.* at 919; *see also Wilson*, 111 F.3d at 694 (dismissal by notice following removal – even *after* the district court denied the motion to remand – "d[id]

not constitute the sort of egregious forum shopping that federal courts have traditionally sought to discourage.").

### C. Plaintiff's voluntary dismissal of *Huskic I* pursuant to Rule 41(a)(1)(A)(i) was permissible and the forum defendant rule bars the removal of *Huskic II*.

Here, Plaintiff had an unconditional right to unilaterally voluntarily dismiss the first action pursuant to Rule 41(a)(1)(A)(i) because Defendant had filed neither an answer nor a motion for summary judgment. And when Plaintiff refiled in state court and effectuated service contemporaneously, the forum defendant rule became a procedural bar to the exercise of federal jurisdiction, rendering removal improper. Defendant's appeal to equity rings hollow, because its snap removal was in the first instance undeniably forum shopping, and it bears emphasis that as a Pennsylvania company it can make no substantive argument that it requires the protection of a federal court. Plaintiff here made no misrepresentations but simply invoked an option provided by the Civil Rules. *Cf. In re Sorin 3T Heater-Cooler Sys. Prods. Liab. Litig.*, No. 18-2816, 2021 WL 5447098 (M.D. Pa. Nov. 22, 2021). And unlike *Eleby v. Steigerwald*, the case on which the defense most heavily relies, Plaintiff is not asserting inconsistent positions in federal and state courts, but simply refiling the exact same action in state court.[4] No. 10-1500, 2010 WL 1838680 (E.D. Pa. Apr. 30, 2010). The same textualism that permits snap removal applies with no less force

---

[4] Defendant cites several cases addressing the "first-filed rule" in support of its position. The first-filed rule is most commonly applied in cases of concurrent *federal* jurisdiction, for reasons of comity and to avoid duplicative litigation. *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988). It is difficult to see how it has any relevance here. As a factual matter, there is no competing case; there is a single action that will be litigated in one venue or the other. This action was commenced in state court against a Pennsylvania defendant, and if comity is a consideration, it favors resolution of the claim in state court. Nor is there any risk of duplicative litigation, because dismissal under Rule 41(a)(1)(A)(i) is "automatic and immediate," leaving only one case to be litigated. *In re Bath & Kitchen Fixtures*, 535 F.3d at 165.

to Rule 41, and as reviewed above, numerous federal courts have recognized a party's right to dismiss and refile.

### III.     Conclusion

The Third Circuit acknowledged that its interpretation of the forum defendant rule could "giv[e] defendants an advantage in a race-to-the-courthouse removal scenario." *Encompass*, 902 F.3d at 153 n.4.  But Rule 41 provides plaintiffs with a procedural counterpunch in response to a snap removal, and I see no basis in law or equity to preclude it.

Plaintiff's Motion to Remand will be granted.  An appropriate order follows.


                                         /s/ Gerald Austin McHugh
                                         United States District Judge